# IN THE UNITED STATE DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

| | |
|---|---|
| **DENISE TREPAGNIER** *Plaintiff*, v. **ALIMAK HEK, INC. AND MISSISSIPPI POWER COMPANY** *Defendants*. | **CIVIL ACTION NO.:** 3:16cv179-MPM-SAA  **SECTION:**  **MAG:** |

## COMPLAINT FOR DAMAGES
## AND DEMAND FOR TRIAL BY JURY

**NOW INTO COURT**, through undersigned counsel, comes, Plaintiff, DENISE TREPAGNIER ("Plaintiff"), who petitions this Court for a Judgment against ALIMAK HEK, INC. ("Alimak") and MISSISSIPPI POWER COMPANY ("Mississippi Power") (sometimes collectively "Defendants") and, in support thereof respectfully avers as follows:

1.

Plaintiff is a citizen of the state of Louisiana both now and at all times material hereto, and of the full age of majority.

2.

Defendant, ALIMAK HEK, INC., is a Connecticut corporation, with its principle place of business in Webster, Texas, and is authorized to do business in the State of Mississippi.

3.

Defendant, MISSISSIPPI POWER COMPANY, is a Mississippi corporation, with its principle place of business in Gulfport, Mississippi.

4.

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. Likewise, this Court has supplemental jurisdiction over this matter by virtue of 28 U.S.C. §1367.

5.

This Court has personal jurisdiction over the Defendants because their negligent conduct took place in the State of Mississippi and they are either a Mississippi Domiciliary or have established sufficient ties and contacts with the forum state.

6.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

7.

Plaintiff was employed by Performance Contractors, Inc. and was assigned to work at the Kemper County Power Plant ("Power Plant") which is owned and operated by Mississippi Power, a subsidiary of Southern Electric Company.

8.

At all times material hereto, Plaintiff was an elevator operator and was assigned to work on the Northeast Elevator (the "Elevator").

9.

The Elevator was both manufactured by Defendant, Alimak; and, at all times material hereto, Alimak assumed the responsibility for all Elevator maintenance, routine or otherwise.

10.

On multiple occasions before the accident made the subject of this law suit, Plaintiff reported that the rear door to the Elevator would free fall and had to be lifted and held in place by hand to safely allow the occupants to enter and exit the Elevator.

11.

Despite Plaintiff's warnings, on or about September 9, 2013, at approximately 11:30PM, while Plaintiff was properly and safely operating the Elevator, its rear door came crashing down on her head and face causing her serious and debilitating injuries.

12.

At all times material hereto, Defendant, Mississippi Power, owned and operated the worksite, the surrounding premises, structures, and Elevator. Defendant, Mississippi Power, also assumed control over and responsibility for the worksite on which Plaintiff's injuries occurred. Defendant, Mississippi Power, oversaw the condition of the worksite and structures, as well as the Elevator.

13.

Defendant, Mississippi Power, knew or reasonably should have known of the dangerous condition or conditions on or about the Elevator and the unreasonable risk of harm it posed to its occupants, including the Plaintiff.

14.

Defendant, Alimak, also knew or reasonably should have known of the dangerous condition or conditions on or about its Elevator and the unreasonable risk of harm the Elevator posed to its occupants, including the Plaintiff.

15.

As a direct result of the acts of negligence as aforesaid and as detailed below, the Plaintiff suffered severe and permanent disabling injuries for which she has undergone extensive and painful medical treatment and which will require continued extensive and painful medical treatment and rehabilitation.

16.

It is reasonably foreseeable that a broken/faulty elevator door would pose an unreasonable risk of harm to its occupant and/or operator. Defendants failed to take appropriate measures to minimize those risks. The foregoing created an unreasonably dangerous condition or conditions constituting a defect on the premises.

17.

Plaintiff's injuries were sustained as the result of the negligence of the Defendants in the following non-exclusive ways:

a. Failure to properly instruct, train and supervise other personnel directly and/or indirectly involved in the incident resulting in plaintiff's injuries;

b. Failure to provide and maintain reasonably safe equipment;

c. Allowing damaged and/or inadequate equipment to be used in a dangerous operation;

d. Failure to operate the Power Plant in a safe manner given the dangerous conditions present at the time of the incident made the subject of this suit;

e. Failure to abide by applicable safety regulations;

f. Failure to provide the Plaintiff with a reasonably safe place to work;

g. Failure to properly maintain the Elevator;

h. Failure to pull the Elevator out of service knowing of the dangerous condition;

i. Failure to cure, correct, alleviate, remove, and/or repair timely all hazardous and unsafe conditions on or about Defendant's worksite including the condition of the Elevator;

j. Failure to act as a reasonably prudent person would under the same or similar circumstances.

k. Other acts of neglect which will be shown at the trial of this matter.

18.

Defendant's acts or omissions, as detailed above, proximately caused personal injury to Plaintiff, which includes but is not limited to the following:

a. Past, present, and future pain and suffering,

b. Past, present, and future mental anguish,

c. Past, present, and future physical disfigurement,

d. Past, present, and future physical impairment,

e. Past, present, and future medical expenses,

f. Past, present, and future loss of consortium,

g. Past, present, and future lost wages,

h. Past, present, and future loss of earning capacity,

i. Other unliquidated damages within the jurisdictional limits of this Court,

j. Exemplary damages, to the extent provided by law,

k. Attorneys' fees, to the extent provided by law, and

l. Pre-judgment interest and post-judgment interest.

20.

Plaintiff prays for a trial by jury.

**WHEREFORE**, Plaintiff, Denise Trepagnier, prays that Defendants be made to appear and answer; and, after all due proceedings are had, that there be a judgment in her favor, against the Defendants for all of the damages alleged herein.  Plaintiff further prays for any and all general and equitable relief as the Court may deem just and proper.

                        Respectfully submitted,

                        THE CHOPIN LAW FIRM LLC

                        ____/s/ Justin M. Chopin_____
                        **JUSTIN M. CHOPIN (MS. Bar No. 104464)**
                        650 Poydras Street, Suite 2525
                        New Orleans, Louisiana  70130
                        Phone: 504-323-5755
                        Facsimile: 504-324-0640
                        Email: Justin@ChopinLawFirm.com
                        *Attorneys for Plaintiff, Denise Trepagnier*

**PLEASE PREPARE SUMMONS FOR RULE 4 WAIVER OF SERVICE:**

**ALIMAK HEK, INC.**
*Through its agent for service:*
THE PRENTICE-HALL CORPORATION SYSTEM, INC.
5760 I-55 North, Suite 150
Jackson, Mississippi 39211

**MISSISSIPPI POWER COMPANY**
*Through its agent for service:*
Vicki Pierce
2992 W. Beach Blvd.
Gulfport, Mississippi 39502